REGAN, Judge.
' From a judgment maintaining defendants’ exceptions of no right or cause of action, recalling the rule nisi for a preliminary injunction and dismissing plaintiff’s suit at his cost, plaintiff prosecuted this appeal.
Plaintiff, R. J. Coker, filed suit against the defendants, the Supreme Industrial Life Insurance Company and Antonia M. Bossier, claiming ownership of ten shares of stock of the defendant insurance company, issued in the name of the defendant, Antonia M. Bossier, and retained by her. The suit was coupled with an application for an injunction against both defendants restraining Antonia M. Bossier from voting the said stock at any regular or special meeting of the stockholders and from selling, donating or in any manner disposing of the said stock, and restraining the defendant insurance corporation from holding the annual or any other meeting of the stockholders.
Temporary restraining orders were issued restraining the defendant Bossier from voting her stock and enjoining the ■defendant corporation from holding a stockholders’ meeting. Rule to show cause why a preliminary injunction should not issue was also served on both defendants. The defendants thereafter filed exceptions of no right or cause of action to the petition of plaintiff.
The court, a qua, subsequently amended the original restraining order by prohibiting the defendant corporation from permitting defendant Bossier to vote her shares of stock at any meeting of the stockholders of the corporation.
Defendant Bossier thereafter filed a plea of prescription which was -referred to the merits and-was based on Article 3476 of the Revised Civil Code and contended that she had possessed the stock in question continuously for -more than three years.
Upon the termination of the trial of the rule to show cause the court, a qua, rendered judgment maintaining the exceptions of no right or cause of action, recalling the rule nisi for a preliminary injunction and dismissing plaintiff’s suit at his cost. Hence this appeal.
The record reflects that the plaintiff’s right to relief is based primarily upon the allegations of paragraph 4 of his petition, which reads: — -“That the ten shares of stock of the defendant corporation listed in the name of Antonia M. Bossier and issued to her are in truth and fact the property of your petitioner, Raleigh J. Coker, M. D., having been purchased and entirely paid for by him and that said ten shares were merely placed in the defendant’s naime for convenience and in order to qualify her for the Board of Directors, in accordance with the Articles of Incorporation of the said corporation.”
During the trial of the rule to show cause, the plaintiff, being absent, there was introduced in evidence by his counsel an affidavit, wherein the affiant stated :■ — ’“That it was clearly understood at the time of issuance by Antonia M. Bossier, that affiant (Dr. Coker) was the sole owner of the shares issued in the name of Antonia Bossier and that this issuance in her name was ■merely done to allow her to enjoy the prestige of being eligible to become a director of the corporation, to comply with the articles of the corporation and partially pro *558 vide for some of the fifteen incorporators as then required by Louisiana law; that affiant could and would exercise complete control and ownership of the ten shares issued in the name of Antonia Bossier.”
When the defendant Supreme Industrial Life Insurance Company was organized in May, 1941, industrial life insurance companies were governed by Act 105 of 1898, as amended.
Section 1 of Act 148 of 1936 provides: “That all domestic industrial life insurance companies shall, in addition to complying with the provisions of this Act, be organized in accordance with, and shall be amendable to the provisions of Act 105 of 1898, as amended, except as otherwise provided herein.”
Article 1, Section 1 of Act 105 of 1898, reads: “It shall be lawful for any number of persons, not less than fifteen, citizens of the United States and residents of this State, on compliance with the provisions following, to form insurance companies on the stock plan * * *.”
Article 1, Section 4 of the Act of 1898 provides:
“(a) The Board of Directors of each insurance company or corporation, organized under this act shall consist of not less than five (5) member's, * * * chosen by ballot from the stockholders * * *.
.• “(f) * * * No stockholder who does not hold in his own name at least ten (10) shares of the capital stock shall be eligible to membership upon the Board of Directors.”
Article 1, Section 5 of the Act of 1898 provides: “* * * A majority of the directors shall certify on oath that the money has been paid by the stockholders for their respective shares and the same is held as the capital of the company invested, or to be invested, as required by this section.”
Plaintiff contends that the trial judge held that Act 105 of 1898, as amended, requires that the incorporators of insurance companies be stockholders and that, therefore, issue is taken solely with the conclusion that an incorporator need be a stockholder. In support of this contention, plaintiff refers us to the following portion of the trial judge’s reasons for judgment: “It is clear to the Court that the law contemplates bona fide stockholders and not dummy stockholders; and that if the allegations of the petition and plaintiff’s affidavit are true, there was a violation of the laws of this State.”
In summary plaintiff contends that the sole issue before this Court is “does Act 105 of 1898, as amended, require incorpora-tors to be stockholders in a corporation which they organize ?”
Defendants maintain that the plaintiff, “Dr. Coker, President of the corporation, as one of the original organizers and in-corporators is without right to petition this court in equity to be granted relief from a condition which he was instrumental in creating by violating the law of Louisiana, in that he does not come into court with clean hands; that, to grant him the relief sought, impugns the integrity of this court and is in contravention to public policy”.
Act 105 of 1898 provides that “a majority of the directors shall certify on oath that the money has been paid by the stockholders for their respective shares and the same is held as the capital of the company invested, or to be invested, as required by this section.”
In , our opinion the primary issue with which we aré confronted on appeal is not whether Act 105 of 1898, as amended, requires incorporators to be stockholders in a corporation which they organize, but the sole question provoked by virtue of plaintiff’s pleadings herein and defendants’ exceptions of no right or cause of action, .is whether the plaintiff is entitled to invoke the equitable jurisdiction of this court when it appears from the face of the pleadings that plaintiff has violated the provisions of Act 105 of 1898.
The pleadings and the evidence in the record reflect that as a member of the Board of Directors and Chairman of the Executive -Committee, the plaintiff either certified or tacitly acquiesced in the -certification to the Secretary of State, that the defendant, Bossier, was a bona fide stockholder and that her shares were paid for *559 and that the capital of the said company was fully paid in. In conformity with this certification, the Secretary of State issued a certificate entitling the said corporation to do business in accordance with the prevailing statutes regulating the operation of insurance companies in this State.
The court, a qua, was correct, therefore, in maintaining the exceptions of no right or cause of action insofar as they pertained to the issuance of a preliminary injunction and refusing to lend its equitable aid to one guilty of unlawful conduct. It is axiomatic in our jurisprudence that equity will not aid one who comes into court with' unclean hands. The line of decisions confirming this maxim is unbroken and too well known to need citation here.
Relative to the dismissal of plaintiff’s suit, in our opinion, the trial court was in error and, accordingly, the said suit should be'remanded for the purpose of per'mitting the introduction of additional evidence with respect to the ownership of the stock in question.
. For the reasons assigned the judgment appealed from is reversed insofar as it dismisses plaintiff’s suit and it ds now ordered that„ this case be remanded to the Civil District Court for the Parish of .Orleans for further proceedings according to law and consistent with the views herein expressed.
Reversed and remanded;